UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES E. CLEMONS,

                              Plaintiff,

                                                                       <u>DECISION AND ORDER</u>

                                                                       07-CV-6435L

                              v.

WYOMING CORRECTIONAL FACILITY MEDICAL,
DR. DEPERIO,

                              Defendants.
_____

Plaintiff, James E. Clemons ("Clemons"), commenced this action, *pro se,* against a physician and a nurse at the Wyoming Correctional Facility. Clemons claims that he was denied rights under the Eighth Amendment of the United States Constitution because he was subjected to cruel and unusual punishment based on the lack of medical care received by Clemons when he was incarcerated. Defendants have moved to dismiss on the grounds that plaintiff failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a). Clemons responded to the motion (Dkt. #22) and defendants provided an additional memorandum (Dkt. #23) in support of the motion.

Defendants' motion is granted and the complaint is dismissed with prejudice. It is clear from the papers submitted that Clemons failed to properly exhaust his administrative remedies by filing a timely grievance and appealing that as required.

Clemons himself seems to concede that he did fail to file a proper grievance but claimed that because at some point he was taken to a hospital that he was effectively prevented from filing such a grievance. He also suggests that because his hand was swollen, he was unable to write such a grievance. I am not persuaded that either of these facts constitutes a basis to relieve and excuse

Clemons from complying with the statutory requirement that he exhaust all of his administrative remedies. *See generally Porter v. Nussle*, 534 U.S. 516, 524 (2002) (all levels of the inmate grievance procedure, beginning with the filing of a grievance related to the challenged conduct, must be exhausted before an inmate may commence litigation in federal court); *Boomer v. DePerio*, 405 F. Supp. 2d 259, 262 (W.D.N.Y. 2005) (same).

Clemons also repeatedly asked for substantial additional time to file amended pleadings but many months have elapsed and plaintiff has taken no such action. There is no basis now to extend the matter further.

I also observe that Clemons' complaint is deficient, on the merits. To establish that an act or omission in the course of medical treatment amounts to "cruel or unusual punishment" prohibited by the Eighth Amendment, a plaintiff must allege and prove that a provider exhibited "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "serious medical need" has been defined as one which presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998), *quoting Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Whether a medical need is "serious" concerns several factors, including whether the plaintiff has "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d 698 at 702.

Clemons claimed that he suffered some insect bite, complained about it and was not immediately seen by a physician. On its face, his submission does establish that within a reasonable period of time he was seen by medical personnel, and it is undisputed that he did receive medication and instructions relative to the injury. The facts, as alleged by Clemons, do not suggest that his injury was so significant and severe that immediate emergency care was necessary and, therefore, he has failed to allege a serious medical need sufficient to state a claim for indifference to a medical need under the Eighth Amendment. Clemons' complaint was handled in the normal order. He was

seen by medical staff, received medication, and eventually was transported to a outside hospital for treatment.

Plaintiff's mere disagreement with the nature of the care, his belief that the care provided was not sufficient or constituted malpractice, does not establish a constitutional violation under the Eighth Amendment.

It is well settled that a prisoner's "complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the conduct at issue must be so egregious as to be "repugnant to the conscience of mankind." *Id.* at 102.

In the same vein, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d 698 at 703. *See also Reyes v. Ellen Gardener*, 93 Fed. Appx. 283, 285 (2d Cir. 2004). Here, Clemons makes no allegation suggesting that he was subjected to egregious or inadequate medical treatment, and therefore has failed to plead or establish a violation of his Eighth Amendment constitutional rights.

## CONCLUSION

Defendants' motion to dismiss (Dkt. #18) is granted, and the complaint is dismissed with prejudice. Plaintiff's motion for an extension of time to amend the complaint (Dkt. #17) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 12, 2011